UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-81329-CV-HURLEY

UNITED SUBCONTRACTORS, INC.,

    Plaintiff,

v.

RONALD GODWIN, INSTALLED
BUILDING PRODUCTS II, LLC,
and IBP HOLDINGS, LLC,

    Defendants.
_____/

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS
### FOR LACK OF PERSONAL JURISDICTION

**THIS CAUSE** is before the Court upon the Motion to Dismiss for Lack of Personal Jurisdiction [DE # 71] of Defendants Installed Building Products II, LLC ("IBP II") and IBP Holdings, LLC.[1] For the reasons to follow, the Court will deny the motion.

### BACKGROUND

This action arises out of an employment contract (the "2003 Agreement"[2]) between Ronald Godwin and Plaintiff, United Subcontractors, Inc. ("USI"), that included non-competition clauses. USI's Complaint asserts that Godwin breached these clauses by taking a position with IBP II and IBP Holdings. Plaintiff initially named a different entity, IBP Holdings, Inc., as the defendant before

---

[1] The Court will refer to IBP II and IBP Holdings collectively as the "IBP Defendants" or "IBP." If a distinction between the various IBP entities is necessary, the Court will be more specific.

[2] The parties have also discussed an agreement signed in 2005, which the Court has previously determined not to have been sufficiently established for the purposes of obtaining a preliminary injunction. Order Adopting Mag.'s Report [DE # 65]; Report & Recommendation. as to Pl.'s Mot. for Prelim. Inj. 4-7 [DE # 45]

learning that Godwin was actually hired by IBP II and IBP Holdings and filing an Amended Complaint to reflect this fact.

IBP II and IBP Holdings (collectively, the "IBP Defendants") now move to dismiss the Amended Complaint for lack of personal jurisdiction. In support of their motions, the IBP Defendants filed an affidavit stating that neither of them conducts any business in Florida. In response, Plaintiff argues that specific personal jurisdiction exists over the IBP Defendants because they committed a tortious act, specifically, tortious interference with a contractual relationship, in Florida. Additionally, Plaintiff argues that while the IBP Defendants conduct no business in Florida directly, the general business activity of affiliated entities in Florida may be attributed to the IBP Defendants so as to subject them to general personal jurisdiction in this state.

## JURISDICTION

This is a diversity action over which the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Because venue is not jurisdictional and the facts underlying Plaintiff's venue allegations are in dispute, the Court will not discuss the propriety of venue in this district except to note that Defendants have not contested it. *See generally*, 14D Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3826 (3d ed. 2007).

## DISCUSSION

"A federal court sitting in diversity may properly exercise jurisdiction over a defendant only if two requirements are met: (1) the state long-arm statute, and (2) the Due Process Clause of the Fourteenth Amendment." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999). "The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th

2

Cir. 2002). A prima facie case requires only as much evidence as would be required to withstand a motion for directed verdict. *Id.* at 1269. To the extent that a defendant submits evidence controverting the plaintiff's jurisdictional allegations, "the burden traditionally shifts back to the plaintiff to produce evidence." *Id.* To the extent the parties' evidence conflicts, "the court must construe all reasonable inferences in favor of the plaintiff." *Id.*

Applying these standards to the instant case, the Court finds that Plaintiff has sufficiently alleged and supported its claim that the IBP Defendants committed a tortious act causing injury to Plaintiff in Florida, which brings them within the ambit of Florida's long-arm statute and satisfies the requirements of Due Process.

    A.    *Personal Jurisdiction Under Florida's Long-Arm Statute*

Florida's long-arm statute states that "[a]ny person . . . [who] does any of the acts enumerated in this subsection thereby submits himself . . . to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts: . . . Committing a tortious act within this state." Fla. Stat. § 48.193. Although Florida courts have not resolved whether a tortious act committed outside the state but causing injury within the state satisfies § 48.193(1)(b), *see, e.g.*, *Thomas Jefferson Univ. v. Romer*, 710 So. 2d 67, 70 (Fla. 4th DCA 1998) (Farmer, J., concurring and dissenting), the Eleventh Circuit has consistently held that it does. *Posner*, 178 F.3d at 1216.

Plaintiff argues that the IBP Defendants committed a tortious act causing harm in Florida by intentionally inducing Godwin to breach the non-competition clauses of his 2003 employment agreement with Plaintiff. "'One who intentionally and improperly interferes with the performance of a contract . . . between another and a third person by inducing . . . the third person not to perform the contract, is subject to liability to the other . . . .'" *Gossard v. Adia Servs., Inc.*, 723 So. 2d 182,

3

194 (Fla. 1998) (quoting Rest. 2d of Torts § 766 (1979)); *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1995). Thus, a claim for tortious interference with a contract requires (1) the existence of a contract between the plaintiff and a third person (i.e., Godwin), (2) knowledge of the contract by the defendant, (3) intentional, improper interference with performance of the contract, and (4) injury to the plaintiff resulting from the breach of contract. *Id.*

The Court has already found for the purposes of Plaintiff's request for a preliminary injunction that Plaintiff has established a substantial likelihood of success on the merits of its claim that Godwin breached the 2003 Agreement's non-competition clauses by taking his position with the IBP II and IBP Holdings. Order Adopting Mag.'s Report 1-3 [DE # 65]; Report & Recommendation as to Pl.'s Mot. for Prelim. Inj. 19 [DE # 45]. *A fortiori*, Plaintiff has established Godwin's breach and harm resulting from that breach for the purposes of the instant motion to dismiss. The Court must now determine whether Plaintiff has adequately supported its allegations that the IBP Defendants knowingly interfered with the 2003 Agreement and that, by doing so, they caused Plaintiff harm in Florida.

The record reflects that Godwin told the IBP Defendants about his non-competition agreements with Plaintiff's predecessor company, Professional Insulators, prior to their decision to hire him.[3] Decl. of Alan Fermier ¶ 4 [DE # 10]; Transcript of Prelim. Inj. Hearing 127 [DE # 31] ("I told them about the 2003 agreement, yes, sir."). The record further discloses that upon learning of the non-competition agreement with Profession Insulators, IBP asked for but was unable to obtain a copy of it from Godwin. *Id.* The IBP Defendants were thus aware of the existence of a non-

---

[3]The Court also notes that, to the extent the evidence on this issue conflicts, the Court must resolve all inferences in Plaintiff's favor.

4

competition agreement that potentially imposed a duty on Godwin not to accept their impending employment offer, and they chose to risk inducing Godwin to violate it without further investigation. In such circumstances, the Court finds IBP chargeable with knowledge of the agreement. *See, e.g.*, *Rodriguez v. Bar-S Food Co.*, 539 F. Supp. 710, 718 (D. Colo. 1982) (listing "knowledge of facts which should lead [the defendant] to inquire as to the existence of the contract" as sufficient to meet the knowledge element of a tortious interference claim); *Mid-Continent Tel. Corp. v. Home Tel. Co.*, 319 F. Supp. 1176, 1200 (D. Miss. 1970) (asking whether the defendant "knew or had reason to know" of the contract). A company seeking to hire one of its competitors' employees, upon being notified that the employee had signed a non-competition agreement, should reasonably inquire as to the details of the agreement and obtain a copy of it. IBP cannot avoid liability by willfully remaining ignorant of the details of the contract once it knows that the contract exists. Moreover, a defendant's belief that a non-competition agreement will not be enforced does not negative the knowledge element of a tortious interference claim. *See, e.g.*, *Cont'l Group, Inc. v. KW Property Mgmt., LLC*, 622 F. Supp. 2d 1357, 1376 (S.D. Fla. 2009). Accordingly, the Court finds that Plaintiff has sufficiently established that the IBP Defendants knew of the 2003 Agreement for the purposes of the instant motion.

The Court must now evaluate the sufficiency of Plaintiff's claim that Godwin's violation caused injury in Florida. In Florida, violation of an enforceable restrictive covenant creates a presumption of irreparable injury. Fla. Stat. § 542.335(j). In addition, Godwin testified that when he worked for Professional Insulators, which Plaintiff later acquired, he led its sales force operating in Delray, Stuart, and Orlando, Florida and that he utilized his personal relationships with builders in those regions to develop opportunities for Professional Insulators to bid on work. Transcript of

Prelim. Inj. Hearing 101-02 [DE # 31]. Godwin further testified that on August 29, 2005, the day after he learned that Plaintiff would acquire Professional Insulators, he began to meet with customers in Florida to assure them that the personnel and quality of service would stay the same through the transition. *Id.* at 105-07. Godwin continued to work for Plaintiff until beginning employment with IBP on October 24, 2011.

The Court also notes that the 2003 Employment Agreement was executed in Florida, *id.* at 103, between Florida residents and states that it "shall be governed and construed by the laws of the State of Florida." Decl. of Ronald Godwin Ex. 1, at 1, 6 [DE # 13-1].

In light of these facts, the Court concludes that Godwin's breach of the 2003 Agreement's non-competition clauses injured Plaintiff in Florida by causing Plaintiff to lose the benefit of Godwin's contacts and experience. Godwin has testified to his need to continue working and the difficulty he would have in finding comparably rewarding work with companies that do not compete with Plaintiff. Transcript of Prelim. Inj. Hearing 139-40 [DE # 31]. Thus, it is clear that if Godwin had abided by the non-competition agreements, he likely would have continued to work for Plaintiff in Florida. Moreover, IBP's alleged tortious interference caused Godwin to breach a contract executed in Florida, governed by Florida law, and contemplating performance in Florida. *See Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 10 (1st Cir. 2009) (finding an in-state injury when the defendant's out-of-state conduct caused breach of a contract executed in the forum state, governed by the forum state's law, and contemplating performance in the forum state). For all of these reasons, the Court finds that Plaintiff has sufficiently established that the IBP Defendants committed a tort that caused harm in Florida for the purposes of satisfying Florida's long-arm statute.

### B. Personal Jurisdiction Under the Due Process Clause

Having established compliance with Florida's long-arm statute, the Court must now evaluate whether its exercise of personal jurisdiction over the IBP Defendants in this case comports with the Due Process Clause of the Fourteenth Amendment. *Posner*, 178 F.3d at 1214. Due Process requires that for a court to exercise personal jurisdiction over a non-resident defendant, the defendant must "have certain minimum contacts with [the territory of the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). In the Eleventh Circuit, the minimum contacts analysis incorporates three elements: "First, the defendant must have contacts related to or giving rise to the plaintiff's cause of action. Second, the defendant must, through those contacts, have purposefully availed itself of forum benefits. Third, the defendant's contacts with the forum must be such that it could reasonably anticipate being haled into court there." *Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010).

Applying these elements to the instant case, the Court first notes that "a defendant 'need not be physically present in the forum state to cause injury (and thus "activity" for jurisdictional purposes) in the forum state.'" *Astro-Med*, 591 F.3d at 10 (quoting *No. Laminate Sales, Inc. v. Davis*, 403 F.3d 14, 25 (1st Cir. 2005)). As in *Astro-Med*, the defendant's contact with (or "activity" in) Florida is the injury—specifically, the breach of contract—it caused in Florida. Because this in-forum injury gave rise to Plaintiff's cause of action, the first prong of the minimum contacts analysis is satisfied.

When evaluating the "purposeful availment" requirement, a court must "ensure[] that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or

7

'attenuated' contacts . . . ." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *see also Sun Bank, N.A. v. E.F. Hutton & Co., Inc.*, 926 F.2d at 1030, 1034 (11th Cir. 1991). In the instant case, the IBP Defendants targeted a Florida resident and persisted in negotiating an offer of employment with him despite being alerted to the fact that he had signed non-competition agreements with a Florida entity. Had IBP taken the reasonable step of reading the agreements, it would have known that they were governed by Florida law and featured a forum-selection clause requiring disputes to be litigated in Palm Beach County. Thus, it should have been entirely foreseeable to the IBP Defendants that they would be required to defend their actions in hiring Godwin in Florida. *See id.* ("The key to any constitutional inquiry into personal jurisdiction is foreseeability."). The Court therefore finds sufficient availment of the privilege of conducting activities in Florida and, on the same basis, also finds that IBP's activities made it reasonable for it anticipate being haled into court in this forum.

## IV.

Based on the foregoing, the Court finds that Plaintiff has satisfied the requirements of the Florida long-arm statute by alleging and supporting its claim that the IBP Defendants have committed tortious conduct that has caused harm in Florida. Additionally, the Court finds that the IBP Defendants' contacts with Florida are sufficient to warrant the exercise of personal jurisdiction over them in this forum. The Court will therefore deny the IBP Defendants' motion to dismiss for lack of personal jurisdiction.

Having determined that Plaintiff has established personal jurisdiction over the IBP Defendants on other grounds, the Court needs not discuss Plaintiff's argument that the acts of other IBP entities may be attributed to IBP II and IBP Holdings for the purposes of personal jurisdiction.

Order Denying Defendants' Motion to Dismiss for Lack of Personal Jurisdiction
United Subcontractors, Inc. v. Godwin
Case No. 11-81329-CV-DTKH

      Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendants' motion [DE # 71] is **DENIED**.

      **DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 4th day of May, 2012.

                                                                                        Daniel T. K. Hurley
                                                                                       United States District Judge

*Copies provided to counsel of record*