UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:  9:11-CV-81329-CIV – HURLEY/HOPKINS

UNITED SUBCONTRACTORS, INC.,
a foreign corporation,

        Plaintiff,

v.

RONALD GODWIN, individual, and              JURY DEMAND
INSTALLED BUILDING PRODUCTS II, LLC     ENDORSED HEREON
and IBP HOLDINGS, LLC

        Defendants.
_____/

<u>AMENDED ANSWER AND COUNTERCLAIM
OF INSTALLED BUILDING PRODUCTS II, LLC AND IBP HOLDINGS, LLC</u>

For their amended answer to the Amended Complaint of Plaintiff United Subcontractors, Inc. ("USI"), Defendants Installed Building Products II, LLC and IBP Holdings, Inc. (collectively, "IBP") aver as follows:

<u>First Defense</u>

1.      Defendants state that Paragraph 1 of Plaintiff's Amended Complaint does not require an answer as it is a preamble or statement.  Answering further, IBP admits that Defendant Godwin resigned from USI and went to work for IBP.  Answering further, IBP denies the remaining allegations contained in Paragraph 1 of the Amended Complaint.

2.      Defendants state that no answer is required as to Paragraph 2 insofar as it is a preamble.  Answering further, IBP states that the alleged Employment Agreements speak for themselves.  Answering further, IBP denies the remaining allegations in Paragraph 2 of the Amended Complaint.

3.      Defendants state that Paragraph 3 of the Amended Complaint is a preamble and does not require an answer.   Answering further, IBP denies the allegations contained in Paragraph 3 of the Amended Complaint.

4.      Defendants lack knowledge regarding the claims asserted in Paragraph 4 of the Amended Complaint and therefore denies the same.

5.      Defendants lack knowledge regarding the claims asserted in Paragraph 5 of the Amended Complaint and therefore denies the same.

6.      Defendants lack knowledge regarding the claims asserted in Paragraph 6 of the Amended Complaint and therefore denies the same.

7.      Defendants deny the allegations contained in Paragraph 7 of the Amended Complaint as "Installed Building Products" is not an entity.

8.      Defendants deny the allegations contained in Paragraph 8 of the Amended Complaint.

9.      Installed Building Products II, LLC admits that its principal place of business is 495 South High Street, Suite 50, Columbus, Ohio 43215.  Answering further, Defendants deny the remaining allegations contained in Paragraph 9 of the Amended Complaint.

10.      IBP Holdings, LLC admits that its principal place of business is at 495 South High Street, Suite 50, Columbus, Ohio 43215.  Answering further, IBP Holdings, LLC denies the remaining allegations contained in Paragraph 10 of the Amended Complaint.

11.      Defendants deny the allegations contained in Paragraph 11 of the Amended Complaint as "Installed Building Products" is not an entity.

12.     Defendants deny that IBP Holdings, LLC and Installed Building Products II, LLC have business operations and conduct business in Florida.  Answering further, Defendants admit that Any Seasons Insulation, LLC conducts business in the state of Florida.

13.     Defendants deny that Ronald Godwin is an employee at IBP.  Answering further, Defendants deny the remaining allegations contained in Paragraph 13 of the Amended Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the Amended Complaint.

15.     Defendants deny the allegations contained in Paragraph 15 of the Amended Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Amended Complaint.

17.     Defendants deny that they directly derive profits and revenue from business conducted in Florida.

18.     Defendants deny the allegations contained in Paragraph 18 of the Amended Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Amended Complaint.

20.     Defendants state that Fla. St. § 48.193 speaks for itself and does not require an answer.  Answering further, Defendants deny the remaining allegations contained in Paragraph 20 of the Amended Complaint.

21.     Defendants state that Godwin's alleged Employment Agreements speak for themselves and thus, Paragraph 21 requires no answer.

22.     Defendants deny the allegations contained in Paragraph 22 of the Amended Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of the Amended Complaint.

24.     Defendants admit that the insulation industry can be highly competitive in some respects but not in others.  Answering further, Defendants lack knowledge regarding the claims asserted in Paragraph 24 of the Amended Complaint and therefore deny the same.

25.     Defendants lack knowledge regarding the claims asserted in Paragraph 25 of the Amended Complaint and therefore deny the same.

26.     Defendants lack knowledge regarding the claims asserted in Paragraph 26 of the Amended Complaint and therefore deny the same.

27.     Defendants lack knowledge regarding the claims asserted in Paragraph 27 of the Amended Complaint and therefore deny the same.

28.     Defendants lack knowledge regarding the claims asserted in Paragraph 28 of the Amended Complaint and therefore deny the same.

29.     Defendants state that the Asset Purchase Agreement speaks for itself and thus no answer is required.  Answering further, Defendants deny the allegations contained in Paragraph 29 of the Amended Complaint.

30.     Defendants lack knowledge regarding the claims asserted in Paragraph 30 of the Amended Complaint and therefore deny the same.

31.     Defendants state that the alleged 2005 Employment Agreement speaks for itself. Answering further, Defendants lack knowledge regarding the claims asserted in Paragraph 31 of the Amended Complaint and therefore deny the same.

32.     Defendants state that the 2005 alleged Employment Agreement speaks for itself and thus no answer is required.  Answering further, Defendants deny the remaining allegations in Paragraph 32 of the Amended Complaint.

33.     Defendants state that the 2005 alleged Employment Agreement speaks for itself and thus no answer is required.

34.     Defendants state that the 2005 alleged Employment Agreement speaks for itself and thus no answer is required.

35.     Defendants state that the 2005 alleged Employment Agreement speaks for itself and thus no answer is required.

36.     Defendants lack knowledge regarding the claims asserted in Paragraph 36 of the Amended Complaint and therefore deny the same.

37.     Defendants lack knowledge regarding the claims asserted in Paragraph 37 of the Amended Complaint and therefore deny the same.

38.     Defendants lack knowledge regarding the claims asserted in Paragraph 38 of the Amended Complaint and therefore deny the same.

39.     Defendants lack knowledge regarding the claims asserted in Paragraph 39 of the Amended Complaint and therefore deny the same.

40.     Defendants lack knowledge regarding the claims asserted in Paragraph 40 of the Amended Complaint and therefore deny the same.

41.     Defendants admit that Godwin worked for IBP as a Vice President of Sales. Answering further, Defendants admit that USI and IBP are competitive in some markets. Answering further, Defendants deny the remaining allegations contained in Paragraph 41 of the Amended Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Amended Complaint.

43.     Defendants admit that they offer some of the same services and products to its clients as USI.  Answering further, Defendants admit that in certain markets, they offer products and services related to residential insulation, commercial insulation, shower doors and enclosures, shelving, mirrors, gutters, garage doors and fireplaces to homeowners and builders. Answering further, Defendants deny the remaining allegations contained in Paragraph 43 of the Amended Complaint.

44.     Defendants deny they were aware or are aware of any valid non-compete for Mr. Godwin.  Answering further, Defendants deny the remaining allegations contained in Paragraph 44 of the Amended Complaint.

45.     Defendants deny that they were sent a letter on November 17, 2011.  Answering further, Defendants state that a letter was sent on or about November 17, 2011 to "Installed Building Products," the content of which speaks for itself.  Answering further, Defendants deny the remaining allegations contained in Paragraph 45 of the Amended Complaint.

46.     Defendants state that the contents of the letter speak for themselves and do not require any response.  Defendants admit that USI attached a copy of the 2003 Professional Insulators Agreement to the letter.   Answering further, Defendants deny the remaining allegations contained in Paragraph 46 of the Amended Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of the Amended Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the Amended Complaint.

49.     Defendants incorporate as if rewritten herein Paragraphs 1 through 48 above.

50.     Defendants deny the allegations contained in Paragraph 50 of the Amended Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of the Amended Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Amended Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Amended Complaint.

54.     Defendants deny the allegations contained in Paragraph 54 of the Amended Complaint.

55.     Defendants incorporate as if rewritten herein Paragraphs 1 through 54 above.

56.     Defendants deny the allegations contained in Paragraph 56 of the Amended Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Amended Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the Amended Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Amended Complaint.

60.     Defendants deny that Godwin had disclosed, communicated or disseminated to IBP, USI's confidential information.   Answering further, Defendants state that the alleged

Employment Agreements speak for themselves.   Answering further, Defendants deny the remaining allegations contained in Paragraph 60 of the Amended Complaint.

61.     Defendants deny the allegations contained in Paragraph 61 of the Amended Complaint.

62.     Defendants incorporate as if rewritten herein Paragraphs 1 through 61 above.

63.     Defendants deny the allegations contained in Paragraph 63 of the Amended Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of the Amended Complaint.

65.     Defendants deny the allegations contained in Paragraph 65 of the Amended Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Amended Complaint.

68.     Defendants incorporate as if rewritten herein Paragraphs 1 through 67 above.

69.     Defendants lack knowledge regarding the claims asserted in Paragraph 69 of the Amended Complaint and therefore deny the same.

70.     Defendants deny that a correspondence was sent to IBP.   Answering further, Defendants admit that on or about November 17, 2011, USI sent a letter to "Installed Building Products" attaching a document purporting to be an agreement between Godwin and Professional Insulators.   Answering further, Defendants deny the remaining allegations contained in Paragraph 70 of the Amended Complaint.

71.     Defendants state that the letter and document referenced therein speaks for themselves and require no answer.   Answering further, Defendants admit that a copy of a document purporting to be between Godwin and Professional Insulators was attached as Exhibit C.   Answering further, Defendants deny the remaining allegations contained in Paragraph 71 of the Amended Complaint.

72.     Defendants deny that Godwin still works for IBP.   Answering further, Defendants deny that they ever used USI confidential, proprietary, or trade secret information.   Answering further, Defendants deny the remaining allegations contained in Paragraph 72 of the Amended Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Amended Complaint.

74.     Defendants incorporate as if rewritten herein Paragraphs 1 through 73 above.

75.     Defendants lack knowledge regarding the claims asserted in Paragraph 75 of the Amended Complaint and therefore deny the same.

76.     Defendants lack knowledge regarding the claims asserted in Paragraph 76 of the Amended Complaint and therefore deny the same.

77.     Defendants admit that Godwin was employed for a period of time at IBP. Answering further, Defendants deny the remaining allegations contained in Paragraph 77 of the Amended Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Amended Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Amended Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of the Amended Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of the Amended Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of the Amended Complaint.

83.     Defendants incorporate as if rewritten herein Paragraphs 1 through 82 above.

84.     Defendants deny the allegations contained in Paragraph 84 of the Amended Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Amended Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Amended Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of the Amended Complaint.

88.     Defendants deny any allegation contained in the Amended Complaint not specifically admitted herein.

<u>Second Defense</u>

89.     Plaintiff fails to state a cause of action upon which relief can be granted insofar as the civil conspiracy claim cannot be alleged as arising from a breach of contract.

<u>Third Defense</u>

90.     Plaintiff's claims fail as USI's alleged employment agreements constitute a fraud upon the Court because despite Godwin testifying that he did not sign the 2005 Agreement, USI still proffered the agreement to the Court seeking its enforcement.

<u>Fourth Defense</u>

91.     Plaintiff's claims fail for failure to fulfill a condition precedent to the enforcement of any non-compete agreement with Mr. Godwin by failing to pay him his earned bonus.

<u>Fifth Defense</u>

92.     Plaintiff's claim against IBP fails because the Court lacks personal jurisdiction over Installed Building Products, LLC and IBP Holdings, LLC, neither of which do business in the State of Florida.

<u>Sixth Defense</u>

93.     Plaintiff's Amended Complaint fails to state a cause of action for breach of contract because no enforceable agreement exists between Godwin and USI.

<u>Seventh Defense</u>

94.     Plaintiff's Amended Complaint fails because USI lacks the ability to enforce the 2003 Professional Insulator's agreement because it was never assigned to USI through the asset purchase transaction, Godwin never consented to the assignment of the agreement, and USI is not a successor to Professional Insulators.

<u>Eighth Defense</u>

95.     Plaintiff's Amended Complaint fails because the noncompete provisions of the 2003 Agreement are overbroad and unenforceable.

<u>Ninth Defense</u>

96.     Plaintiff's Amended Complaint fails because the noncompete provisions of the 2005 Agreement are overbroad and unenforceable by, including but not being limited to, being unreasonable in time, scope, failing to protect any protectable interest, and by USI's inability to identify any confidential information or trade secrets deserving of protection in the Amended Complaint.

<u>Tenth Defense</u>

97.     Plaintiff's Amended Complaint fails as the 2003 Agreement was terminated upon the sale of Professional Insulator's other assets to USI.

<u>Eleventh Defense</u>

98.     Plaintiff's Amended Complaint fails under the 2003 or 2005 Agreements because the Amended Complaint sets forth no protectable interest USI is seeking to protect.

<u>Twelfth Defense</u>

99.     Plaintiff's Amended Complaint fails because Plaintiff has no protectable interest in any at-will relationship with any of its customers, all of which are publicly known through various permitting and bidding processes.

<u>Thirteenth Defense</u>

100.     Plaintiff's bankruptcy rendered any employment agreement or restrictive covenant between USI and Professional Insulators on one hand and Godwin on the other invalid and unenforceable.

<u>Fourteenth Defense</u>

101.    Plaintiff has failed to state a claim against IBP for tortious interference with Godwin's relationship with USI because IBP had no knowledge of any valid and enforceable agreement between USI and Godwin when he was hired.

<u>Fifteenth Defense</u>

102.    Plaintiff has failed to state a claim against IBP for tortious interference with Godwin's relationship with USI because there is no valid and enforceable agreement between USI and Godwin.

<u>Sixteenth Defense</u>

103.    Plaintiff has failed to state a claim against IBP for tortious interference with USI's business relationship because Godwin did not solicit USI clients or referral sources, including within the restricted area of the alleged agreements.

<u>Seventeenth Defense</u>

104.    Plaintiff's Amended Complaint is barred by Plaintiff's unclean hands by failing to pay Godwin his earned 2010 bonus and bringing suit against IBP even though it has failed to identify a single breach of any alleged agreement.

<u>Eighteenth Defense</u>

105.    Plaintiff's claim against IBP for attorneys' fees fails to state a claim pursuant to Florida Statute § 542.335.

<u>Nineteenth Defense</u>

106.    IBP reserves the right to plead any additional defenses that may be revealed during discovery.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, IBP respectfully requests that this Court dismiss Plaintiff's Amended Complaint with prejudice and award their costs and expenses in defending this action, including attorneys' fees and costs, and all other relief, both legal and equitable, as this Court may deem appropriate.

## COUNTERCLAIM

Counterclaim Plaintiffs Installed Building Products II, LLC and IBP Holdings, LLC (collectively, "IBP") for its counterclaim against Counterclaim Defendant United Subcontractors, Inc. ("USI") hereby allege as follows:

## THE PARTIES

1.      Installed Building Products II, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Columbus, Ohio.

2.      IBP Holdings, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Columbus, Ohio.

3.      Upon information and belief, Counterclaim Defendant United Subcontractors, Inc. is a Utah corporation with its principal place of business in State of Minnesota.

## BACKGROUND

4.      In October 2011, IBP, without knowledge of any employment agreement between USI and Ronald Godwin ("Godwin"), hired Godwin.  A true and accurate copy of Godwin's Employment Agreement with IBP is attached as Exhibit A ("Employment Agreement").

5.      In Section 10 of the Employment Agreement, Godwin "represent[ed] and warrant[ed] that he is not party to any agreement, arrangement or other understanding with any person or entity which might conflict with this [Employment Agreement]."

6.      Section 3 of the Employment Agreement required Godwin to perform all duties required of a Vice President of Sales:

> **Duties.** Employee shall devote his skill and experience to serving the interests of the Company.   During the course of his employment, Employee shall at all times, faithfully, industriously and to the best of his abilities, perform all duties that reasonably may be required of him by virtue of his position as a Vice president of Sales and/or all projects or assignments as requested by the Company.  Employee shall devote his full business time and effort to the affairs of the Company.

7.      On November 9, 2011, in response to IBP telling USI that IBP wanted to defer any discussion of a potential transaction USI was intent on pursuing, Philip Raygorodetsky, an agent of USI, alleged that Godwin had a noncompete.

8.      The following day, IBP confirmed that Godwin had been employed by IBP and asked USI for a copy of the alleged noncompete agreement as Godwin had represented both orally and in his Employment Agreement that he did not have a noncompete with USI.

9.      A few days later, Tim Portland, the new CEO of USI, provided a copy of a July 21, 2003 Employment Agreement purportedly between Professional Insulators Holdings, Inc., Professional Insulators, Inc. and Ronald Godwin ("2003 Professional Insulator's Document"). Mr. Portland proclaimed that the 2003 Professional Insulator's Document "is a copy of Ronnie Godwin's non-compete agreement."

10.     The 2003 Professional Insulator's Document made no mention of USI.

11.     On November 17, 2011, counsel for USI sent a letter, a copy of which is attached as Exhibit D to USI's complaint, citing that yet a different employment agreement, this time an August 2005 document ("2005 Document"), precluded Godwin from working at IBP.  In the letter USI demanded that Godwin either resign or be terminated.

12.     On its face, the restrictive covenant provision of the 2005 Document, the latest document USI contended applied to Godwin, only imposed a St. Lucie, Martin, Palm Beach, Broward and Dade County and 100 mile restrictions against Godwin.

13.     The remainder of the purported restrictions in Section 8(b) of the 2005 Document do not apply to Godwin but rather reference "Purchaser," "Shareholder," "Consolidated Business," and "Seller" all used as defined terms without being defined in the 2005 Document.

14.      Godwin was never a shareholder, purchaser, or seller of USI or Professional Insulatiors.

15.     The 2005 Document likewise appeared to have been cobbled together as it has a footer document number on all but the first and signature pages.

16.     Godwin contends he never signed the 2005 Document or entered into its terms.

17.     Despite all of these irregularities in the document and the fact that Godwin unequivocally stated that he never signed the 2005 Document, on December 1, 2011, IBP's counsel sent a letter to USI's counsel stating that while the agreements did not appear valid, Godwin would be required to work outside the 100 mile radius of USI's locations while USI and Godwin resolved the issue.

18.     The same day, USI's counsel wrote IBP's counsel stating that "Mr. Godwin lied to your client" and "lied by omission."

19.     On December 2, 2011, USI wrote IBP's counsel demanding that Godwin be suspended entirely from working with IBP.

20.     Days later, USI sued Godwin and Installed Building Products, Inc. seeking to enforce the 2003 Professional Insulators Document and the 2005 Document.

## COUNT ONE

### (Tortious Interference With Employment Relationship)

21.     IBP realleges the foregoing paragraphs as if fully rewritten herein.

22.     IBP employed Godwin on or about October 17, 2011 as a Vice President of Sales.

23.     As of November 9, 2011 USI knew that Godwin was subject to an employment agreement with IBP.

24.     Section 3 of the Employment Agreement required Godwin to perform all duties required of a Vice President of Sales:

> **Duties.** Employee shall devote his skill and experience to serving the interests of the Company.   During the course of his employment, Employee shall at all times, faithfully, industriously and to the best of his abilities, perform all duties that reasonably may be required of him by virtue of his position as a Vice president of Sales and/or all projects or assignments as requested by the Company.  Employee shall devote his full business time and effort to the affairs of the Company.

25.     USI first attempted to procure the breach of Godwin's Employment Agreement by intentionally and without justification by first sending a number of demands that Godwin be terminated based upon invalid and unenforceable agreements.

26.     When such attempts proved fruitless, USI successfully procured the breach of Section 3 of Godwin and IBP's Employment Agreement by filing the above-captioned lawsuit, making unsubstantiated and false claims to the Court in order to secure the breach of Godwin's Employment Agreement which ultimately occurred on March 9, 2012.

27.     USI was not privileged to interfere with the Employment Agreement as USI knowingly did not have any post-employment restrictions or any protectable interest to enforce.

28.      Due to USI's interference which caused a breach of Section 3 of the Employment Agreement, IBP has sustained damages related to Godwin's employment and having to defend against USI's unfounded allegations.

29.      As a result of the foregoing, IBP has been damaged in an amount to be proven at trial, but not less than $75,000, plus pre- and post-judgment interest.

## COUNT TWO

**(Tortious Interference With Prospective Economic Advantage)**

30.      IBP realleges the foregoing paragraphs as if fully rewritten herein.

31.      On or about October 17, 2011, IBP and Godwin entered into a business relationship as evidenced by the Employment Agreement, under which Godwin would become a Vice President of Sales.

32.      USI had knowledge of the business relationship between IBP and Godwin at the latest in November 2011.

33.      USI intentionally and unjustifiably interfered with the IBP and Godwin's business relationship by first demanding Godwin be terminated and then filing suit seeking to impose post-employment restrictions on Godwin based upon alleged agreements USI knows to be false and/or otherwise unenforceable.

34.      In absence of USI's tortious interference with IBP and Godwin's business relationship, the parties' understanding would have been completed and Godwin would have been and remained Vice President of Sales resulting in economic advantage to IBP.  However, solely due to such interference, IBP and Godwin's business relationship was terminated.

35.      Due to USI's interference, IBP has sustained damages related to its former business relationship with Godwin and by having to defend against USI's unfounded allegations.

36.     As a result of the foregoing, IBP has been damaged in an amount to be proven at trial, but not less than $75,000, plus pre- and post-judgment interest.

WHEREFORE, Plaintiff IBP demands judgment against USI as follows:

A.     For an award of compensatory damages in excess of $75,000;

B.     For its costs and attorneys' fees in bringing this action; and

C.     Any other relief as this Court may deem proper.

Respectfully submitted,

s/ _____
John F. Mariani, Esquire
Florida Bar No.: 263524
Hank Jackson, Esquire
Florida Bar No.: 866717
SHUTTS & BOWEN LLP
1100 CityPlace Tower
525 Okeechobee Boulevard
West Palm Beach, FL  33401
Telephone: (561) 835-8500


s/ _____
Matthew S. Zeiger, Esquire
*Admitted Pro Hac Vice*
Zeiger Tigges & Little LLP
41 South High Street, Suite 3500
Columbus, Ohio 43215
Telephone: (614) 365-9900

*Counsel for Defendants Installed Building Products II, LLC and IBP Holdings, Inc.*

## JURY DEMAND

Defendants hereby demand a trial by jury of all issues presented in this case by the maximum number of persons permitted by law.

Respectfully submitted,

/s/_____
John F. Mariani (263524)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the foregoing was filed using the ECF system on this 26th day of July, 2012, which will cause copies to be served upon the following ECF-registered counsel via email:

Andrew Froman
FISHER & PHILLIPS LLP
2300 SunTrust Financial Centre
401 East Jackson Street
Tampa, Florida 33602

Christopher Kammerer
CHRISTOPHER KAMMERER, PLLC
6600 South Dixie Highway
West Palm Beach, Florida 33405

s/_____
John F. Mariani (263524)

730-034:365413